IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| RICKY W. WELLS, ET AL. | § | |
| v. | § | CIVIL ACTION NO. 9:07CV27 |
| UNION PACIFIC RAILROAD COMPANY | § | |

ORDER ADOPTING REPORT AND
RECOMMENDATION OF UNITED STATES
MAGISTRATE JUDGE

The Report and Recommendation of the Magistrate Judge, which contains her findings, conclusions, and recommendation for the disposition of Defendant's Motion for Partial Summary Judgment as to Plaintiff Johnny Miller (document #166) has been presented for consideration. The Report and Recommendation recommends that the motion be granted and that Johnny Miller's FELA claims concerning his back, leg and neck pain, his aggravation claims and his Locomotive Inspection Act ("LIA") claims be dismissed with prejudice, leaving his FELA claims concerning his shoulder and wrist injuries for trial. Plaintiff filed written objections on August 18, 2008, to which Union Pacific filed a response on September 2, 2008.

Having made a *de novo* review of the written objections filed by Plaintiff, the Court finds that the findings and conclusions of the Magistrate Judge are correct and the objections are without merit.

Judge Guthrie correctly found that compliance with the applicable statute of limitations is a condition precedent to recovery under the FELA and the burden is on Miller to prove that his cause of action was commenced within the three-year limitations period. *Gulf, Colorado & Santa Fe Railway Company v. McClelland*, 355 F.2d 196, 197 (5th Cir. 1966); " *Bealer v. Missouri Pac. R.R. Co.*, 951 F.2d 38, 39 (5th Cir.1991); *Emmons v. Southern Pac. Transp. Co.*, 701 F.2d 1112, 1118 (5th Cir.1983). Miller has not met his burden of showing that he did not and should not have known of his neck injury prior and its cause prior to April 5, 2004. Miller's deposition testimony reveals that he was aware of critical facts concerning his neck injury and its causation prior to April 5, 2004.

To the extent Miller seeks to rely upon newly discovered evidence, he has not shown a genuine issue of material fact precluding summary judgment concerning his FELA claims for violations of the LIA. Miller asserts that Union Pacific has pursued litigation against locomotive manufacturers for defective design and manufacture that allegedly caused "rough ride" and vibration. Miller's FELA claims for violations of the LIA as they relate to his back, leg and neck injuries, however, are time-barred as set forth in Judge Guthrie's Report and Recommendation. Moreover, Miller does not show that the locomotive defects alleged in other cases are related to his remaining specific injuries to his shoulder and wrist. To defeat a motion for summary judgment, Miller must designate specific facts in the record showing that there is a genuine issue for trial. *Stults v. Conoco, Inc.*, 76 F.3d 651, 655 (5th Cir. 1996). Neither "conclusory allegations" nor "unsubstantiated assertions" will satisfy the nonmovant's burden. *Id.* The nonmoving party cannot satisfy his summary judgment burden with conclusory statements, speculation and unsubstantiated assertions. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1429 (5th Cir.1996) (en banc). Miller has not shown that any of the specific equipment he worked with caused his shoulder or wrist injuries or was

defective, unreasonably dangerous or created an unnecessary peril as contemplated by the LIA. Miller also has not shown a failure to comply with FRA regulations by Union Pacific.

The findings and conclusions of the Magistrate Judge are hereby adopted as those of the Court.

In light of the foregoing, it is

**ORDERED** that the Motion for Partial Summary Judgment as to Plaintiff Johnny Miller (document #166) is **GRANTED**. Johnny Miller's FELA claims concerning his back, leg and neck pain, his aggravation claims and his FELA claims for violations of the LIA are **DISMISSED** with prejudice, leaving his FELA claims concerning his shoulder and wrist injuries for trial.

**SIGNED** this the 4 day of **September, 2008.**

_____
Thad Heartfield
United States District Judge