

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| CONRAD E. LINDQUIST, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 9:07-CV-27-TH |
| | § | JURY |
| UNION PACIFIC RAILROAD COMPANY, | § | |
| | § | |
| *Defendant.* | § | |

# MEMORANDUM OPINION REGARDING MOTION TO EXCLUDE TESTIMONY OF DR. RYAN MEIS

For the reasons stated in this memorandum opinion, the Court **DENIES** the *Defendant Union Pacific Railroad Company's Motion to Exclude Plaintiff Conrad Lindquist's Treating Physician Ryan Meis, M.D. From Testifying Regarding Causation* [Clerk's Docket No. 207] filed September 5, 2008.

## I. FACTUAL & PROCEDURAL BACKGROUND

Plaintiff is a trainman who has worked for Union Pacific since 1968. Plaintiff alleges that he has suffered cumulative trauma injuries, including an injury to his right shoulder, as a result of his employment with Union Pacific. On April 5, 2007, Plaintiff initiated this lawsuit alleging various musculoskeletal disorders and seeking compensatory damages pursuant to the FEDERAL EMPLOYERS' LIABILITY ACT (FELA), 45 U.S.C. § 51, *et seq.*

The plaintiff has identified Dr. Ryan Meis as a trial witness. Dr. Meis is a triple-licensed physician board certified in orthopedic medicine. He received his medical degree from Creighton University and completed his residency at the University of Wisconsin. Following his residency, Dr. Meis completed a sports medicine fellowship involving training with a special emphasis on shoulder injuries. He performs approximately 200 shoulder surgeries each year. Dr. Meis began treating Mr. Lindquist in June 2006, prior to the filing of this litigation. In reaching his diagnosis, Dr. Meis took a history from the plaintiff, conducted physical examinations, performed diagnostic tests, ordered x-rays, and reviewed plaintiff's medical records from another physician. Dr. Meis recommended that plaintiff undergo a shoulder arthroscopy, which he performed in July 2006. Dr. Meis has not been retained as an expert in this case. His deposition was taken in August 2008.

Union Pacific requests that the Court exclude his video deposition testimony at trial on the ground that: (1) Dr. Meis has not been designated as an expert under Rule 26; (2)Dr. Meis's causation testimony is not reliable; (3) Dr. Meis's opinion as to causation is neither scientific nor reliable; and (4) Dr. Meis did not prepare an expert report.

## II. LEGAL BACKGROUND – TESTIMONY BY TREATING PHYSICIANS

Unless specifically retained to provide an expert opinion in connection with litigation, a treating physician should normally be treated as a fact witness. *Young v. United States*, 181 F.R.D. 344, 346-47 (W.D. Tex. 1997); *see also Fielden v. CSX Transp.*, 482 F.3d 866, 869 (6th Cir. 2007); *Ngo v. Standard Tools & Equip.*, 197 F.R.D. 263, 266-67 (D. Md. 2000). This is because a treating

physician is considered an "actor or viewer with respect to transactions or occurrences that are part of the subject matter of the lawsuit." FED. R. CIV. P. 26 cmt.; *see also Battle v. Memorial Hosp. at Gulfport*, 228 F.3d 544, 552 (5th Cir. 2000).

For the most part, the admissibility of the testimony of nonretained treating physicians is governed by FEDERAL RULE OF EVIDENCE 701 ("Opinion Testimony by Lay Witnesses") as opposed to FEDERAL RULE OF EVIDENCE 702 ("Testimony by Experts") or FEDERAL RULE OF EVIDENCE 703 ("Bases of Opinion Testimony by Experts"). So long as the nonretained treating physician is testifying as to the facts and circumstances developed during the care of the patient, and not developed in anticipation of litigation, he falls under the rubric of a lay witness. "Lay opinion testimony most often takes the form of a summary of first-hand sensory observations." *United States v. Conn*, 297 F.3d 548, 553-54 (7th Cir. 2002). Such observations might include opinions as to causation, diagnosis, prognosis, and the extent of disability or injury. *Ngo v. Standard Tools & Equip.*, 197 F.R.D. at 267. Lay witnesses can testify in the form of opinions, and "the fact that the lay opinion testimony bears on the ultimate issue in the case does not render the testimony inadmissible." *Lightfoot v. Union Carbide Corp.*, 110 F.3d 898, 911 (2d Cir. 1997).

It has been noted that "the *Daubert* factors, which are hard scientific methods selected from the body of hard scientific knowledge and methodology generally are not appropriate for use in assessing the relevance and reliability of clinical medical testimony." *Moore v. Ashland Chemical, Inc.*, 126 F.3d 679, 689 (5th Cir. 1997). "Instead the trial court as gatekeeper should determine whether the doctor's proposed testimony is soundly grounded in the principles and methodology of his clinical field of medicine." *Id.* at 689-90. In the context of clinical medicine,

the methodology of physical examination and self-reported medical history is a generally accepted method of diagnosis.  *Cooper v. Nelson*, 211 F.3d 1008, 1020 (7th Cir. 2000).

Regarding the veracity of the history provided by the patient and relied upon by the physician, one Court has observed that "the accuracy and truthfulness of the underlying medical history is subject to meaningful exploration on cross examination and ultimately to jury evaluation." *Id*. at 1021.  For this reason, an argument that other conditions might have caused the injury in question "goes to the weight of the medical testimony, not its admissibility." *Id*. "The proper method of attacking evidence that is admissible but subject to doubt is to cross-examine vigorously, to present contrary evidence, and to give careful instructions on the burden of proof." *Id*.

With respect to cumulative trauma injuries, the Fifth Circuit has observed that "[t]here are certain risk factors present in the work environment that are known to be associated with cumulative trauma disorders."  *Gutierrez v. Excel Corp.*, 106 F.3d 683, 689 (5th Cir. 1997). "Further, there are particular injuries collectively referred to as cumulative trauma disorders that are caused by a combination of these risk factors." *Id*.  "If a plaintiff can establish that she was exposed to enough of the risk factors for a sufficiently long period of time, and that she suffers from a specific injury defined as a cumulative trauma disorder, then it is not, as a matter of law, necessary to present evidence directly stating that the work environment caused the injury." *Id*. "A reasonable jury could infer causation in these circumstances." *Id*.

A written report is required of an expert witness "retained or specially employed to

provide expert testimony." FED. R. CIV. P. 26. The comments of the rules advisory committee specifically note that a treating physician can be called to testify at trial without any requirement for a written report. FED. R. CIV. P. 26 cmt ¶ 19 ; *Musser v. Gentiva Health Services*, 356 F.3d 751, 757 (7th Cir. 2004). For this reason, the *Scheduling Order* at 2 [Clerk's Docket No. 14] entered in this case states that treating physicians are not required to provide expert reports absent good cause shown.

That a treating physician states an opinion as to the cause of an injury does not render that witness an expert for whom a report is required. In noting the ongoing dispute as to whether a treating physician should be considered an expert, two district court have observed that:

> Treating physicians are not retained for purposes of trial. Their testimony is based upon their personal knowledge and the treatment of the patient and not information acquired from outside sources for the purpose of giving an opinion in anticipation of trial. They are witnesses testifying to the facts of their examination, diagnosis and treatment of a patient. It does not mean that the treating physicians do not have an opinion as to the cause of an injury based upon their examination of the patient or to the degree of injury in the future. These opinions are a necessary part of the treatment of the patient. Such opinions do not make the treating physicians experts as defined by Rule 26(b)(4)(C).

*See Piper v. Harnischfeger Corp.*, 170 F.R.D. 173, 175 (D. Nev. 1997); *Baker v. Taco Bell Corp.*, 163 F.R.D. 348, 349 (D. Colo. 1995).

### III.  FINDINGS

As a nonretained treating physician, Dr. Meis is considered an actor or viewer with respect to the transactions or occurrences that are part of the subject matter of the lawsuit, and he should

therefore be treated as a fact witness. *Young v. United States*, 181 F.R.D. at 346-47; *see also Fielden v. CSX Transp.*, 482 F.3d at 869; *Ngo v. Standard Tools & Equip.*, 197 F.R.D. at 266-67; Fed. R. Civ. P. 26 cmt.; *see also Battle v. Memorial Hosp. at Gulfport*, 228 F.3d at 552. Dr. Meis is testifying as to the facts and circumstances developed during the care of Mr. Lindquist, and not to any opinions developed in anticipation of litigation. His opinions as to causation, diagnosis, prognosis, and the extent of disability or injury take the form of a summary of first-hand sensory observations. *United States v. Conn*, 297 F.3d at 553-54; *Ngo v. Standard Tools & Equip.*, 197 F.R.D. at 267. That he states an opinion as to causation—an ultimate issue in the case—does not render his testimony inadmissible. *Lightfoot v. Union Carbide Corp.*, 110 F.3d at 911. The Court finds that Dr. Meis's proposed testimony is soundly grounded in the principles and methodology of his clinical field of medicine, in which physical examination and self-reported medical history is a generally accepted method of diagnosis. *Moore v. Ashland Chemical, Inc.*, 126 F.3d at 689-90; *Cooper v. Nelson*, 211 F.3d at 1020. An argument that Union Pacific questions the accuracy of the history provided by the plaintiff to Dr. Meis goes to the weight of the medical testimony, not its admissibility. "The proper method of attacking evidence that is admissible but subject to doubt is to cross-examine vigorously, to present contrary evidence, and to give careful instructions on the burden of proof." *Id*. Finally, Union Pacific's objection that Dr. Meis failed to prepare a report is without merit. A treating physician can be called to testify at trial without any requirement for a written report. Fed. R. Civ. P. 26 cmt ¶ 19; *Musser v. Gentiva Health Services*, 356 F.3d 751, 757 (7th Cir. 2004). If the defendant was of the opinion that a report by Dr. Meis was necessary, it should have made this request and demonstrated good cause for same as is required by the *Scheduling Order* at 2 [Clerk's Docket No. 14] entered in this case.

## IV.  CONCLUSION

For all of these reasons, the *Defendant Union Pacific Railroad Company's Motion to Exclude Plaintiff Conrad Lindquist's Treating Physician Ryan Meis, M.D. From Testifying Regarding Causation* [Clerk's Docket No. 207] is in all things **DENIED**.

**SO ORDERED**.

**SIGNED** this the 7 day of **October, 2008.**

_____
Thad Heartfield
United States District Judge